No. 250

GRIME v. GRIME et al

Ohio Appeals, 8th Dist., Cuyahoga County

No. 4756. Decided Jan. 21, 1924

413. DIVORCE AND ALIMONY—In an action for alimony alone the Court has the power to award alimony for maintenance under 11998 GC.

In an alimony case the Court may make said allowance either in money or property.

Where real property is awarded as alimony in an alimony proceeding it is not an equitable division of property but an appropriation for maintenance only.

Decree of Court, although erroneous, is binding until set aside in a proper proceeding.

LEVINE, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action for partition of real estate. Frank Grime married Jane Grime in 1884. In 1891 they jointly purchased a parcel of land and in 1910 they purchased another parcel. The title was taken in their joint names. In 1916 Jane Grime filed a petition in the Cuyahoga Common Pleas praying for alimony. Although Frank contested the matter the Court awarded plaintiff as alimony the defendant's interest in the two parcels of real estate owned by them jointly and ordered Frank to convey the same to Jane. Later in 1918 Jane sold one parcel of land.

In November, 1920, Frank filed a petition for divorce from Jane, which was granted in February, 1922. In May, 1922, Jane entered into a contract with one of the defendants to sell the other parcel of land still held by her. Later Frank brought an action for partition. One of the defenses of Jane was that the rights in the porperty had already been adjudicated. The plaintiff contended that under 11998 GC. the Court had no authority or power to divide the property in an alimony proceeding alone and that said division or conveyance was void. As the lower court held for defendants, plaintiff Frank prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Under 11998 GC. the Court may, in an action brought by her for alimony alone, make provision for the maintenance and support of a wife during their separation. The purpose of the suit is not to make a permanent equitable division of the husband's property, but merely to reasonably provide for her.

2. If the Court finds that a money allowance by way of alimony in a suit for alimony alone is inadequate ,the Court may allow her any part of the husband's real estate for her maintenance.

3. When such allowance is made to the wife by way of alimony out of her husband's real estate in an action for alimony alone, it is not in the nature of an equitable division of the husband's property, for that is not authorized, but instead, it is in the nature of an appropriation of such lands to accomplish the desired end, namely the maintenance and support of the wife during separation.

4. Even though the division of property by the trial court was erroneous, nevertheless the decree is binding and conclusive upon the parties until its effect is destroyed in some regular proceeding for that purpose.

Attorneys—J. N. Saltzman and D. M. Bader, Cleveland, for Frank Grime; W. R. Winn and Krueger & Pelton, Cleveland, contra.